UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TASHAWN HUNTER, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>LEHIGH VALLEY MOUNT POCONO HOSPITAL, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:22-CV-01023<br><br>(MEHALCHICK, M.J.) |
| TASHAWN HUNTER,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. SUNNY KAR, et al.,<br><br>    Defendant. | CIVIL ACTION NO. 3:23-CV-00738<br><br>(MEHALCHICK, M.J.) |

**ORDER**

Presently before the Court are two related cases that arose out of a series of events pertaining to *pro se* Plaintiff Tashawn Hunter's ("Hunter") interactions with employees of the Lehigh Valley Mount Pocono Hospital ("LVMPH") and East Stroudsburg police officers. *Hunter v. Lehigh Valley Mount Pocono Hospital*, No. 3:22-CV-01023 (M.D. Pa. June 30, 2022), ECF No. 1 ("*Hunter 1*"); *Hunter v. Dr. Sunny Kar*, No. 3:23-CV-00738 (M.D. Pa. April 27, 2023), ECF No. 2 ("*Hunter 2*"). Both the above-captioned cases are before the undersigned United States Magistrate Judge. For the following reasons, the above-captioned cases shall be consolidated into Civil Action No. 3:22-CV-0123.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

The above-captioned cases arose out of a series of events on May 18, 2021, pertaining to Hunter's arrest by East Stroudsburg police officers and his subsequent medical treatment at the LVMPH. (*Hunter 1* Doc. 1). On June 30, 2022, Hunter initiated *Hunter 1* with the filing of a complaint, as well as a motion to proceed *in forma pauperis*, on behalf of himself and Madenah C. Morillo ("Morillo"), pursuant to 28 U.S.C. § 1331 against Defendants Lehigh Valley Mount Pocono Hospital, Doctor Sunny M. Kar, Emergency Security Technician Kellie A. Lemley, and RN Katherine A. Kumi-Atiemo (collectively, "Medical Defendants"). (*Hunter 1* Doc. 1; *Hunter 1* Doc. 2). On August 26, 2022, Hunter filed a motion to appoint counsel, a second motion for leave to proceed *in forma pauperis*, and two proposed amended complaints against Medical Defendants and Police Officer Defendants. (*Hunter 1* Doc. 7; *Hunter 1* Doc. 8; *Hunter 1* Doc. 9; *Hunter 1* Doc. 10). On September 12, 2022, the Court granted Hunter's motions to proceed *in forma pauperis* and directed Morillo to either pay the required filing fee or file a properly completed application to proceed *in forma pauperis* on or before October 12, 2022. (*Hunter 1* Doc. 12). On the same day, the Court conducted its statutorily mandated screening of the amended complaints, finding that they failed to state a claim upon which relief may be granted and granting Plaintiffs leave to file a second amended complaint. (*Hunter 1* Doc. 13; *Hunter 1* Doc. 14). On October 6, 2022, Hunter filed a motion for extension of time to file an amended complaint to add new defendants and give Morillo more time to complete an application to proceed *in forma pauperis*. (*Hunter 1* Doc. 15). The Court granted the motion for extension of time on October 19, 222. (*Hunter 1* Doc. 16). On November 8, 2022, the Court's Order was returned as undeliverable with the mark "Individual Released/Transferred." (*Hunter 1* Doc. 17). The Court, via the Pennsylvania Department of

Corrections inmate locator, has verified that Allen is currently incarcerated in the State Correctional Institute at Mahanoy ("SCI-Mahanoy"). *See* http://inmatelocator.cor.pa.gov/#/ (last visited June 7, 2023).

On November 9, 2022, Hunter filed the two second amended complaints against Medical Defendants and new Defendants East Stroudsburg police officers Ralphie Ortega, Christopher Washo, Robert Eberle, Charles Brown, Steven Cohen, and Ralph Overpeck (collectively, "Police Officer Defendants"), Autumn Kuibicki, and Progressive Insurance Company. (*Hunter 1* Doc. 18; *Hunter 1* Doc. 19). Liberally construing the second amended complaints, it appears that these *pro se* filings attempt to reallege claims brought in the original and amended complaints and to bring new claims against new Defendants. (*Hunter 1* Doc. 18; *Hunter 1* Doc. 19). On January 4, 2023, the Court addressed the second amended complaints collectively pursuant to its statutorily-mandated screening function in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). (*Hunter 1* Doc. 20). The Court determined that the second amended complaints failed to allege the personal involvement of Defendants and failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). (*Hunter 1* Doc. 20). Thus, the Court dismissed the second amended complaints for failure to state a claim upon which relief may be granted, directed Morillo to file a complete application for *in forma pauperis* status, or to pay the full filing fee in full, and granted Hunter leave to file a single, final, third amended complaint on or before February 3, 2023. (*Hunter 1* Doc. 20, at 11; *Hunter 1* Doc. 21). On May 15, 2023, the Court ordered Hunter and Morillo to show cause as to why they have failed to file an amended complaint. (*Hunter 1* Doc. 23). As of the date of this Memorandum, Morillo has not responded to the Court's Orders and Hunter has not filed a third amended complaint or otherwise responded to the Court's Orders.

On April 27, 2023, Hunter initiated *Hunter 2* by filing a complaint in the United States District Court for the Eastern District of Pennsylvania against Medical Defendants and Police Officer Defendants. (*Hunter 2* Doc. 2). On the same day, Hunter also filed a motion to proceed *in forma pauperis* and Prisoner Trust Fund Account Statement. (*Hunter 2* Doc. 1; *Hunter 2* Doc. 3). On May 4, 2023, *Hunter 2* was transferred to the Middle District. (*Hunter 2* Doc. 5; *Hunter 2* Doc. 6). On May 19, 2023, Hunter filed a second motion to proceed *in forma pauperis* and Prisoner Trust Fund Account Statement.[1] (*Hunter 2* Doc. 9; *Hunter 2* Doc. 10).

## II. DISCUSSION

### A. SUA SPONTE CONSOLIDATION

Federal Rule of Civil Procedure 42 provides that a court may consolidate actions arising out of a common question of law or fact. Fed. R. Civ. P. 42(a). To facilitate the administration of justice, district courts are afforded broad power to consolidate actions, whether on motion of a party or *sua sponte*. *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir.1964). In considering consolidation, "the court must balance the savings of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause." *Demchak Partners Ltd. P'ship v. Chesapeake Appalachia, LLC.*, No. 13-2289, 2014 WL 4955259, at *10 (M.D. Pa. Sept.30, 2014).

"[A] threshold requirement for consolidation is whether there exists a common question of law or fact." *Russell v. United States*, No. 1:12-CV-0407, 2012 WL 2792239, at *2 (M.D. Pa. July 9, 2012) (citing *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998)).

---

[1] As the above captioned cases shall be consolidated into *Hunter 1*, and the Court granted Hunter's motion for leave to proceed *in forma pauperis* filed in *Hunter 1* on September 12, 2022, Hunter's motions for leave to proceed *in forma pauperis* filed in *Hunter 2* will be **STUCK** as **MOOT**. (*Hunter 1* Doc. 12; *Hunter 2* Doc. 1; *Hunter 2* Doc. 9).

The decision to consolidate cases with common issues of fact or law is still within the discretion of the court so long as "consolidation would facilitate the administration of justice." *See Russell*, 2012 WL 2792239, at *2 (quoting *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991)); *see also Gambino v. Warden, FCI-Schuylkill*, No. 19-0249, 2019 WL 2005627, at *1 (M.D. Pa. May 7, 2019). "[T]he court must balance the saving of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause." *Gambino*, 2019 WL 2005627, at *1; *see also Mincy v. Chimielewski,* No. 1:05-cv-0292, 2006 WL 1997457, at *2 (M.D. Pa. July 17, 2006) (citing *Bernardi v. City of Scranton*, 101 F.R.D. 411, 413 (M.D. Pa. 1983)); *Russell*, 2012 WL 2792239, at *2.

These two actions involve parallel facts and parties, are presided over by the same Judge, and are in similar procedural postures. Specifically, the cases rely upon identical theories of recovery based on events that took place on May 18, 2022, including alleged insufficient medical treatment provided by Medical Defendants and false arrest by Police Officer Defendants. (*Hunter 1* Doc. 18, at 1-2; *Hunter 1* Doc. 19, at 1-2; *Hunter 2* Doc. 2, at 3-6). In addition, the ultimate disposition of both cases will likely involve the same legal principles as they allege the same causes of action. (*Hunter 1* Doc. 18, at 1-2; *Hunter 1* Doc. 19, at 1-2; *Hunter 2* Doc. 2, at 6-8). The two actions involve the same plaintiff, who proceeds *pro se*, and the same defendants. (*Hunter 1* Doc. 18, at 1-2; *Hunter 1* Doc. 19, at 1-2; *Hunter 2* Doc. 2, at 3-6). Additionally, both cases are currently assigned to Chief Magistrate Judge Mehalchick. See *Averhart v. Comm. Workers of Am.,* 688 F. App'x, 158, 161 (3d Cir. 2017). Finally, the two cases are in similar procedural postures as a complaint has been filed in both cases but has not yet been served. See *Galicki v. New Jersey*, No. 14-1319(WHW)(CLW), 2014

WL 4105441, at *4 (D.N.J. Aug. 18, 2014) (consolidating two cases "given that both actions are still in their relative infancy and have nearly identical procedural postures").

Due to the multitude of similarities between the cases, the parties would not be prejudiced, inconvenienced, or forced to incur unnecessary expense if the cases were consolidated. *See Gambino*, 2019 WL 2005627, at *1. Additionally, the Court would save time and effort in deciding the substantially similar cases as one. *See Gambino*, 2019 WL 2005627, at *1. Thus, the factors balance in favor of the consolidation of the two cases. *See Averhart*, 688 F. App'x, at 161 (determining that cases were "consolidated into one action by the District Court" when they "proceeded in the same forum and in front of the same judge; the plaintiff represented himself in both cases; and there was a great deal of overlap in the defendants and claims").

The Court is satisfied that the above-captioned actions share common questions of law and fact, and that consolidation would facilitate the efficient administration of justice. The Court concludes that judicial economy is best served by litigating these actions together. Accordingly, the Court orders that the cases be consolidated for all purposes.

### III.  CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. The above-captioned cases are consolidated for all purposes;

2. The Clerk of Court is directed to consolidate the case docketed as Civil Action No. 3:23-CV-00738 into the case docketed as Civil Action No. 3:22-CV-01023;

3. The Clerk of Court is directed to **CLOSE** the case docketed as Civil Action No. 3:23-CV-00738;

4. All future documents filed in this consolidated case shall be filed as Civil Action No. 3:22-CV-01023;

5. Hunter's motions for leave to proceed *in forma pauperis* are **STRUCK** as **MOOT**. (*Hunter 2* Doc. 1; *Hunter 2* Doc. 9).

6. Hunter's complaint (*Hunter 2* Doc. 2) is **DEEMED** filed; and

7. In accordance with Federal Rule of Civil Procedure 4(c)(3), the Clerk of Court is directed to **SERVE** a copy of the complaint (*Hunter 2* Doc. 2), notice of lawsuit and request to waive service of summons (form AO 398), waiver of the service of summons (form AO 399) and this Order on the named Defendant(s). In the interests of efficient administrative judicial economy, the Court requests that the Defendants waive service pursuant to Federal Rule of Civil Procedure 4(d).

If service is unable to be completed due to Hunter's failure to properly name the Defendant(s), or provide an accurate mailing address, Hunter will be required to correct this deficiency. Failure to comply may result in the dismissal of Hunter's claims against the Defendant(s) pursuant to Federal Rule of Civil Procedure 4(m).

An appropriate Order follows.

**Dated: June 8, 2023**                              **BY THE COURT:**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**